IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMANUEL MILLER,<br>    Plaintiff,<br><br>  v.<br><br>SCI GREENE, et al.,<br>    Defendants. | C.A. No. 20-183 Erie<br><br>District Judge Susan Paradise Baxter<br>Magistrate Judge Richard A. Lanzillo |

## MEMORANDUM ORDER

  Plaintiff Emanuel Miller, an inmate incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania ("SCI-Greene"), initiated this civil rights action on July 7, 2020, by filing a motion to proceed *in forma pauperis* ("ifp motion"), accompanied by a *pro se* complaint against two Defendants: SCI-Greene and Erie County Court of Common Pleas. This matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

  On September 3, 2020, Judge Lanzillo issued an Order advising the Court that his complaint was defective because it failed to include a factual narrative supporting his claims and neither of the two named Defendants were amenable to suit under 42 U.S.C. § 1983; yet, rather than recommending dismissal of the complaint pursuant to 28 U.S.C. 1915(e), Judge Lanzillo granted Plaintiff the right to amend his complaint [ECF No. 3]. In response, Plaintiff filed several documents that the Magistrate Judge construed together as an amended complaint [ECF No. 11], which identifies six new Defendants: Officer Victory of the Erie Police Department ("Victory");

Erie County Prison Warden Kevin Sutter ("Sutter"); defense counsel Kadida Wadeeah Horton ("Horton"); District Attorney John Doe ("Doe"); and SCI-Greene Superintendents Zaken ("Zaken") and Capozza ("Capozza").

Plaintiff claims that Defendant Victory arrested him without probable cause, resulting in his illegal confinement, which, in turn, led to malicious prosecution by Defendant Doe and illegal incarceration by Defendants Sutter, Zaken and Capozza (ECF No. 11, at ¶¶ 2-5). In addition, Plaintiff alleges that Defendant Horton allowed the prosecution to take place despite knowing it was illegal because she was "on her way to becoming a district attorney" (Id. at ¶ 3).

On July 23, 2021, Judge Lanzillo issued a Report and Recommendation ("R&R") recommending the dismissal of: (i) all claims against Defendant Horton, because she is not a state actor amenable to suit under 42 U.S.C. § 1983, (ii) all claims against Defendants Sutter, Zaken, and Capozza due to their lack of personal involvement in the complained-of misconduct, and (iii) Plaintiff's request that he be "set free with all charges dropped and erased from [his] record" be dismissed because such relief is only available in a habeas corpus proceeding [ECF No. 17]. Plaintiff has since filed timely objections to the R&R [ECF No. 19]; however, they fail to raise any argument that has not already been raised or gleaned from his amended complaint.

Thus, after de novo review of the complaint and documents in this case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 17th day of August, 2021;

IT IS HEREBY ORDERED that: Plaintiff's claims against Defendant Horton are DISMISSED, with prejudice, as said Defendant is not a state actor amenable to suit under Section 1983; Plaintiff's claims against Defendants Sutter, Zaken, and Capozza are DISMISSED

due to their lack of personal involvement in the complained-of misconduct; and Plaintiff's request to be released from custody is DISMISSED because such relief is not available in an action under Section 1983. The report and recommendation of Magistrate Judge Lanzillo, issued July 23, 2021 [ECF No. 17], is adopted as the opinion of the court. The Clerk is directed to terminate Defendants Horton, Sutter, Zaken, and Capozza from this case.

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
U.S. Magistrate Judge

all parties of record