IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| EMMANUEL MILLER, | 1:20-CV-00183-RAL |
| Plaintiff | RICHARD A. LANZILLO |
| | Chief United States Magistrate Judge |
| vs. | |
| OFFICER VICTORY, JOHN DOE, DISTRICT ATTORNEY, | MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS |
| Defendants | IN RE: ECF NO. 49 |

Plaintiff Emanuel Miller ("Miller") commenced this civil rights action pursuant to 42

U.S.C. § 1983 against numerous defendants, including Officer Victory of the Erie Police

Department and John/Jane Doe District Attorney.  Miller's Amended Complaint – the operative

pleading – asserts constitutional claims based upon allegations of false arrest and malicious

prosecution and seeks monetary damages as relief.  *See* ECF No. 24.  Defendant Victory has

moved to dismiss the claims of the Amended Complaint against him pursuant to Federal Rule of

Civil Procedure 12(b)(6).  ECF No. 49.[1]  For the reasons discussed below, Victory's motion will

be granted.

---

[1] John/Jane Doe has yet to be identified and served.  During a status conference on July 14, 2022, Miller advised the Court that he did not know the name or location of this Defendant. He did indicate his belief that this individual may be a female. ECF No. 59.

1

I.     **Relevant Procedural History**

Miller initiated this action by filing a motion to proceed in forma pauperis ("IFP") (ECF No. 1) and Complaint (ECF No. 1-2) on July 7, 2020. Pursuant to 28 U.S.C. § 1915, the Court conducted an initial screening of the Complaint and identified multiple factual and legal deficiencies in the claims it purported to assert. Rather than dismiss the case, the Court provided Miller with an opportunity to file an amended complaint to address those deficiencies. ECF No. 3.[2]

Miller subsequently filed multiple documents (ECF Nos. 7, 9), which the Court collectively construed as the Amended Complaint (ECF No. 24), and several exhibits, including the Pennsylvania state criminal complaint against him (ECF No. 31-1).[3] The Amended Complaint purports to assert constitutional violations against Officer Victory, the John/Jane Doe District Attorney; his criminal defense counsel, Kadida Wadeeah Horton, Erie County Prison ("ECP") Warden Kevin Sutter, and ECP Superintendents Michael Zaken and Mark Capozza. *Id.* On July 23, 2021, the undersigned issued a Report and Recommendation recommending the dismissal of all Defendants except Officer Victory and John/Jane Doe District Attorney, pursuant to § 1915(e)'s screening provisions. ECF No. 17. United States District Judge Susan Paradise Baxter adopted the R&R on August 17, 2021. ECF No. 21.[4]

---

[2] While holding the Amended Complaint to "less stringent standards than formal pleadings drafted by lawyers" based on Miller's pro se status, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court nevertheless dismissed certain claims as frivolous or malicious and based on their failure to state a claim on which relief may be granted as authorized and mandated by 28 U.S.C. § 1915(e)(2).

[3] The rest of the exhibits were the state criminal commitment and recommitment papers (ECF No. 31-2); a page of a transcript from an unidentified proceeding, which is Exhibit A to the Amended Complaint (ECF No. 24-1); and a page of Respondent District Attorney of Erie County's request that Miller's state Petition for Writ of Habeas Corpus be dismissed (ECF No. 13, p. 3).

[4] The parties have since consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

Miller later filed supplements to his Amended Complaint (ECF Nos. 31, 47) and additional exhibits, including the first page of his state criminal docket (ECF No. 31-3) and a message from an Erie County Courthouse Clerk of Records responding to Miller's request for a copy of the affidavit of probable cause from his arrest (ECF No. 47-1).

On May 18, 2022, Victory filed the pending motion to dismiss for failure to state a claim (ECF No. 49) and brief in support of the motion (ECF No. 51). Appended to the brief was the state criminal docket. ECF No. 51-1. Miller then filed a response to the motion to dismiss (ECF No. 56), and several supplements (ECF Nos. 55, 57, 60).

## II.   Factual Background

Miller's factual allegations are generally accepted as true for purposes of the instant motion to dismiss. *See Victor v. Overmyer*, 2020 WL 2220541, at *2 (W.D. Pa. Mar. 16, 2020), *report and recommendation adopted*, 2020 WL 2220128 (W.D. Pa. May 7, 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the same time, however, the Court takes judicial notice of the disposition of the criminal proceeding against Miller and, where the indisputably authentic state court docket shows a disposition contrary to the allegations of Miller's Amended Complaint, the Court accepts the state court docket. *See Akins v. City of Erie Police Dep't*, 2020 WL 838564, at *4 (W.D. Pa. Feb. 20, 2020) ("the Third Circuit has held that 'public records' properly considered for the purpose of a Rule 12(b)(6) motion include 'criminal case dispositions such as convictions or mistrials[.]'").

Miller's Amended Complaint alleges that, on July 30, 2019, he was walking down the street at about 9:30 AM when Officer Victory pulled up and told him that a warrant was outstanding for his arrest. ECF No. 24, ¶ 1. In response, Miller alleges, he asked Victory if he knew his name. *Id.* When Victory did not respond, Miller alleges, he said, "no you don't," and

then continued walking down the street.  *Id.*  At this point, Victory is alleged to have then

jumped from this car and detained Miller "with no warrant or charges."  *Id.*  Miller next alleges

that, at about 3:18 PM that day, he was taken to Erie County Prison, where the warden accepted

him "without the proper documents."  *Id.*  John/Jane Doe District Attorney is alleged to have

then initiated a criminal prosecution despite "the knowledge of knowing that he didn't file

charges properly."  *Id.*

### III.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) tests the legal

sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In

deciding a Rule 12 (b)(6) motion to dismiss, the court must accept as true all well-pled factual

allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S.*

*Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). The "court[] generally

consider[s] only the allegations in the complaint, exhibits attached to the complaint, matters of

public record, and documents that form the basis of a claim" when considering the motion to

dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citing *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)).  As noted, the Court may also take

judicial notice of the state court criminal docket without converting the motion to one for

summary judgment. *Akins*, 2020 WL 838564, at *4.

In making its determination under Rule 12 (b)(6), the court is not opining on whether the

plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual

allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and

Procedure § 1216, pp. 235-36 (3d ed. 2004)). *See also Iqbal*, 556 U.S. 662. Furthermore, a

4

complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts

to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the

traditional Rule 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41, 78 (1957)).

While a complaint does not need detailed factual allegations to survive a motion to

dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at

555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan*

*v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a

plaintiff if they are unsupported by the facts as explained in the complaint. *See California Pub.*

*Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower*

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal

conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555; *McTernan v. City of*

*York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following

three-step approach:

> *First*, the court must 'tak[e] note of the elements a plaintiff must
> plead to state a claim.' *Second*, the court should identify
> allegations that, 'because they are no more than conclusions, are
> not entitled to the assumption of truth.' *Finally*, 'where there are
> well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an
> entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (emphasis added) (quoting

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Plaintiff is proceeding pro se, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

## IV.   Analysis

### A.   Miller's claims against Victory fail because his guilty plea in the underlying criminal case conclusively establishes probable cause for his arrest.

Miller argues that Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution when Officer Victory arrested him without probable cause and the district attorney prosecuted him without filing proper charges.  Based on these allegations, Miller asserts a false arrest claim against Officer Victory and a malicious prosecution claim against the district attorney.  Each will be addressed in turn.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *Akins v. City of Erie Police Dep't*, 2020 WL 838564, at *4 (W.D. Pa. Feb. 20, 2020) (quoting *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing sources omitted)).   Probable cause is conclusively established in a § 1983 false arrest action where the record demonstrates that the plaintiff was convicted of the offense upon which the arrest was based, such as "by guilty plea or conviction," so long as the conviction has not been overturned. *Berete v. Cortazzo*,

6

2012 WL 6628040, at *3 (E.D. Pa. Dec. 18, 2012); *see Shelley v. Wilson*, 339 Fed. App. 136,

139 (3d Cir. 2009) ("The jury's finding that Shelley committed each element of these offenses

beyond a reasonable doubt defeats his assertion that there was no probable cause to arrest him.").

Although Miller argues that his arrest violated the Constitution because Victory arrested

him without a warrant and without filing an affidavit of probable cause, the Court takes judicial

notice of the fact that Miller pled guilty to the offense upon which Officer Victory's arrest was

based on January 3, 2020. *See* ECF No. 51, p. 1; ECF No. 51-1, Ex. A, Criminal Docket Sheet.[5]

As Defendants correctly assert, "[Miller's] guilty plea . . . establishes that there was probable

cause" for purposes of a § 1983 cause of action. ECF No. 51, p. 6. *See, e.g., Tillman v. City of

Coatesville*, 2018 WL 950111, at *2 (E.D. Pa. Feb. 16, 2018) (collecting cases for the

proposition that "probable cause is conclusively established to exist at the time the arrest was

made when there is a guilty plea or conviction"). The existence of probable cause, in turn,

conclusively negates his false arrest claim as a matter of law.

This conclusion is consistent with *Heck v. Humphrey*, 512 U.S. 477 (1994), under which

Miller's claim "would fail even if he could allege the absence of probable cause despite his

guilty plea." *Walker v. Clearfield Cnty. Dist. Att'y*, 413 Fed. Appx. 481, 484 (3d Cir. 2011). In

*Heck*, the United States Supreme Court explained that a plaintiff cannot succeed on the merits of

a § 1983 civil suit based upon a criminal conviction if success would "necessarily imply the

invalidity of" the criminal conviction, unless the criminal conviction was negated prior to the

civil suit. *See id.* (quoting *Heck*, 512 U.S. 477, 487 (1994)). Here, Miller's complaint that

---

[5] The state court criminal docket confirms Miller's guilty plea. *See Commonwealth v. Miller*, No. CP-25-CR-0002288-2019.

Victory arrested him without probable cause "would plainly imply the invalidity of [Miller's] conviction," and thus "run afoul of *Heck*," unless he can demonstrate that his conviction has been overturned or invalidated. *Walker*, 413 Fed. Appx. at 484. A review of the publicly available state criminal and appellate dockets confirms that this is not the case. *See Commonwealth v. Miller*, No. CP-25-CR-0002288-2019; *Commonwealth v. Miller*, No. 934 WDA 2021.[6] *See also Evans v. Lorah*, 2020 WL 2813317, at *2–3 (W.D. Pa. May 11, 2020), *report and recommendation adopted*, 2020 WL 2793088 (W.D. Pa. May 29, 2020), and *report and recommendation adopted*, 2020 WL 7864200 (W.D. Pa. Dec. 31, 2020). Accordingly, the Court must conclude that Officer Victory's arrest was constitutional. *Walker*, 413 Fed. Appx. at 484.

> **A. Miller's claims against John/Jane Doe District Attorney will also be dismissed pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2).**

The principles discussed above also bar Miller's claim against the unidentified district attorney. Although the John/Jane Doe District Attorney has not been served, Miller's claims against him/her are subject to the screening provisions in 28 U.S.C. § 1915(e). Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). The determination as to whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the

---

[6] The Court takes judicial notice of the state appellate docket, which shows that on January 10, 2022, the Superior Court of Pennsylvania accepted Appellant Miller's January 6, 2022 "Petition for Discontinuance of Appeal," thus granting his application to discontinue his appeal. *Commonwealth v. Miller*, No. 934 WDA 2021.

Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

To prevail on a claim for malicious prosecution against the John/Jane Doe District Attorney, Miller must show that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). However, a conviction on the underlying criminal charges, whether by guilty plea or jury verdict, conclusively negates the second and third elements of a malicious prosecution claim. *See*, *e.g.*, *Williams v. McCleaf*, 2020 WL 3272271, at *7 (M.D. Pa. May 6, 2020) (noting that a plaintiff's guilty plea "entirely undermines any malicious prosecution claim since it completely contradicts one essential element of any such claim—the plaintiff's obligation to show that the proceeding was initiated without probable cause."). Similarly, *Heck's* favorable termination rule applies because, as discussed above, Miller has not demonstrated that his "conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. These principles are fatal to his malicious prosecution claim.[7]

---

[7] The Court also observes that Miller's claims against the unidentified district attorney would likely be barred by the doctrine of absolute prosecutorial immunity. Under this doctrine, a prosecutor is immune from liability for money damages under § 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 417–20 (1976). Courts have consistently held that the initiation of a criminal prosecution falls within the scope of a prosecutor's duties. *See Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) ("[P]rosecutors are immune from claims arising from their conduct in beginning a prosecution, including soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence.") (internal quotations and quoting sources omitted).

## II.    Leave to Amend

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Vote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Under Federal Rule of Civil Procedure 15(a), "courts may grant ... amendments 'when justice so requires.'" *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2004) (citing FED. R. CIV. P. 15(a)).  In the instant case, because Miller's false arrest and malicious prosecution claims are both legally deficient and barred by *Heck*, the Court finds that any attempt to amend these claims would be futile.

## III.   Conclusion

For the foregoing reasons, Officer Victory's motion to dismiss (ECF No. 49) is GRANTED.  Moreover, because Miller has also failed to state a claim against the unserved John/Jane Doe District Attorney, his malicious prosecution claim is dismissed pursuant to 28 U.S.C. § 1915(e).

As no claims remain, the Clerk is directed to terminate this action.  An appropriate order will follow.

DATED this 22nd day of November, 2022.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE